IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES P. PETRUZZI<br>1835 South Sugarloaf Road<br>Cornville, AZ 86325<br>    Plaintiff<br><br>v.<br><br>TEXIDOR TRANSPORT, LLC<br>2436 Owen Drive<br>Wilmington, DE 19808<br>    Defendant<br><br>and<br><br>OSCAR TEXIDOR-RAMIREZ<br>2436 Owen Drive<br>Wilmington, DE 19808<br>    Defendant | CIVIL ACTION<br><br>No.:<br><br>JURY TRIAL DEMANDED |

## Complaint

1. Plaintiff, James P. Petruzzi ("Mr. Petruzzi"), is an adult individual and citizen of the State of Arizona, domiciled at 1835 South Sugarloaf Road, Cornville, AZ 86325.

2. Defendant, Texidor Transport, LLC ("Texidor Transport"), is a limited liability corporation organized and existing under the laws of the State of Delaware with its principal place of business at 2436 Owen Drive, Wilmington, DE 19808.

3. Defendant, Oscar Texidor-Ramirez ("Mr. Texidor-Ramirez") is an adult individual and citizen of the State of Delaware, domiciled at 2436 Owen Drive, Wilmington, DE 19808.

4. This Court has subject matter jurisdiction herein pursuant to 28 U.S.C. § 1332 as the citizenship of the parties is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. At all material times, Mr. Texidor-Ramirez acted or failed to act in the course and scope of his employment for and on behalf of Texidor Transport.

6. The motor vehicle crash described herein occurred on Thursday, October 15, 2020 at about 3:00 p.m. ("the crash").

7. At all material times, Mr. Petruzzi was the operator and owner of a 2007 Toyota Highlander ("the Toyota").

8. At all material times, Mr. Texidor-Ramirez was the operator and in exclusive control of a 1998 Kenworth W900 tractor pulling a 53' 2005 Great Dane trailer ("the tractor-trailer"), both of which were owned by Texidor Transport.

9. The crash occurred at the intersection of State Route 1 ("Route 1") and Creek Road in Chadds Ford Township, Delaware County, Pennsylvania.

10. At all material times, the intersection of Creek Road and Route 1 consisted of two lanes for northbound traffic, two lanes for southbound traffic, a left turn lane for northbound traffic, and a left turn lane for southbound traffic.

11. At all material times, green, yellow, and red traffic control lights governed the movement of traffic in all directions at the intersection of Route 1 and Creek Road.

12. At or about 3:00 p.m. on October 15, 2020, while driving the Toyota north on Route 1, Mr. Petruzzi reached the intersection with Creek Road and entered the left turn lane, intent on turning left onto Creek Road.

13. After entering the left turn lane, Mr. Petruzzi moved forward into the intersection and waited as southbound traffic passed through the intersection.

14. When the traffic light for northbound and southbound traffic on Route 1 changed from green to yellow, then changed from yellow to red, Mr. Petruzzi carefully began his left turn toward Creek Road.

15. At the time the light for southbound traffic on Route 1 turned red, Mr. Texidor-Ramirez, operating the tractor-trailer south on Route 1 in the right lane at a high rate of speed, approached Creek Road, where he disregarded the steady red light and, without reducing the speed of the tractor-trailer, entered the intersection, where the tractor-trailer collided with the Toyota, resulting in injuries to Mr. Petruzzi more fully set forth below.

16. Mr. Texidor-Ramirez was negligent, and that negligence was a cause in fact of the crash and the injuries Mr. Petruzzi suffered in that Mr. Texidor-Ramirez:

   a. drove at an unsafe speed;

   b. was speeding;

   c. was inattentive to the road, the traffic light, and other vehicles;

   d. drove through the red light at the Creek Road intersection;

    e.    failed to maintain proper control of the tractor-trailer;

    f.    failed to reduce his speed despite the presence of other vehicles and the traffic control light turning from yellow to red as he approached the intersection;

    g.    failed to exercise reasonable care to assure he could safely enter the intersection;

    h.    was inattentive to the road, the red light, and other vehicles because he was using an electronic device to text while operating a commercial motor vehicle in violation of 75 Pa. C.S. § 1621;

    i.    violated the Pennsylvania vehicle code, including 75 Pa. C.S. §§ 3361, 3112, 3714, 1621, and 1622, and was therefore negligent *per se*;

    j.    operated a Commercial Motor Vehicle as defined by the Federal Motor Carrier Safety Regulations and the Pennsylvania Motor Vehicle Code while using a handheld mobile telephone in violation of 49 C.F.R. § 392.82(a)(1) and 75 Pa. C.S. § 1622; and,

    k.    operated the tractor-trailer when he knew or should have known the brakes of the tractor-trailer were not then in a safe condition.

17. Texidor Transport is vicariously liable for the negligent conduct of Mr. Texidor-Ramirez while acting in the course and scope of his agency and/or employment.

18. Texidor Transport was directly negligent, and that negligence was a cause in fact of the crash and the injuries Mr. Petruzzi suffered, in that it:

    a.    negligently hired and retained Mr. Texidor-Ramirez though he lacked the necessary skill to safely operate a commercial motor vehicle;

    b.    failed to adequately train and instruct Mr. Texidor-Ramirez on the safe operation of the tractor-trailer;

    c.    failed to adopt and implement programs to insure employees and/or agents, including Mr. Texidor-Ramirez, adhered to provisions of the Vehicle Code and/or Federal Motor Carrier Safety Regulations; and,

    d.    knowingly allowed Mr. Texidor-Ramirez to use a handheld mobile telephone while operating its tractor-trailer, in violation of 49 C.F.R. §392.82(a)(2) and 75 Pa. C.S. § 1622.

19. As a consequence of the crash, Mr. Petruzzi, who was then 70 years of age, suffered the following injuries, losses, and harms:

a. injury to the cervical spine and aggravation and worsening of preexisting degenerative disc disease of the cervical spine;

b. injury to both knees and aggravation and worsening of preexisting degenerative disease and osteoarthritis of both knees, increasing the risk Mr. Petruzzi will require additional treatment during his lifetime, including (but not limited to) bilateral, partial, or total knee replacement;

c. injury to both ankles and aggravation and worsening of preexisting degenerative disease of both ankles;

d. injury to the lumbar spine and worsening of preexisting degenerative disease of the lumbar spine and sacroiliac inflammation;

e. incurred expenses for treatment of his injuries and may in the future be required to expend additional sums to treat those injuries;

f. lumbar and cervical radiculopathy;

g. physical pain and suffering that is continuing and, to some degree, may be permanent; and,

h. a loss of life's pleasure and enjoyment that is continuing and, to some degree, may be permanent.

**WHEREFORE,** Plaintiff, James P. Petruzzi, demands judgment in his favor and against Defendants, Texidor Transport, LLC, and Oscar Texidor-Ramirez, in an amount in excess of $75,000 and the jurisdictional limit for arbitration in the Eastern District of Pennsylvania, plus interest and costs.

THE LAW OFFICE OF ANDREW P. MOTEL, LLC

Date: 10/13/2022          By: *(signature)*

Andrew P. Motel, Esquire
Attorney ID #54390
330 North High Street
West Chester, PA 19380

(610) 431-3200 (telephone)
(610) 431-2612 (facsimile)
amotel@andrewmotellaw.com